IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AMERICAN BUILDERS INSURANCE COMPANY, Plaintiff, | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:18-00377-N |
| ADAMS HOMES, LLC, *et al.*, Defendants. | ) ) ) | |

## ORDER

This action is before the Court *sua sponte* on review of its subject matter jurisdiction.[1] Plaintiff American Builders Insurance Company ("the Plaintiff") initiated this action by filing a complaint (Doc. 1) with the Court, alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction…").

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id*. at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id*. *See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted). *See also, e.g., Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[2] Upon review of the complaint (Doc. 1), the undersigned finds that the Plaintiff must correct the following deficiencies in its allegations supporting diversity of citizenship:

---

[2] "In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), [the Eleventh Circuit] adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981." *Travaglio*, 735 F.3d at 1268 n.1.

- "So long as … an entity is unincorporated, … it possesses the citizenship of all its members." *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016). As such, the rule for diversity jurisdiction is that "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). *Accord Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam). Therefore, to sufficiently allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company…" *Rolling Greens*, 374 F.3d at 1022.[3] The Plaintiff does not identify the members of the LLC Defendants – Adams Homes, LLC and Utility Management, LLC – instead alleging only that "each of Adams' members is deemed citizen of the State of Alabama or the State of Florida" and that "each of Utility Mgt.'s members is deemed a citizen of the State of

---

[3] This "can require tracing through several layers." *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998) (citizenship of an LLC depends on citizenship of its members, traced through as many levels as necessary to reach corporations or natural persons)). *See also Azzo v. Jetro Rest. Depot, LLC*, No. 3:11-CV-324-J-34JRK, 2011 WL 1357557, at *2 n.2 (M.D. Fla. Apr. 11, 2011) (in pleading the citizenships of the members, "each member's citizenship must [also ]be properly alleged, be it an individual, corporation, LLC, or other entity"); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) ("When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of. And it is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC.").

Alabama." (Doc. 1 at 2, ¶¶ 3 – 4). These allegations are insufficient, as without identification of the LLCs' members, the Court cannot determine of what states the members, and therefore the LLCs, are "deemed" citizens. The Plaintiff must therefore amend its complaint to identify the member(s) of the LLC Defendants and allege their citizenships.

- In the style and the opening paragraph of the complaint (*see* Doc. 1 at 1), the Plaintiff identifies Defendant Community Utilities of Alabama with the suffix "Inc.," indicating it is a corporation. However, in paragraph 5 of the complaint (*id.* at 3), the Plaintiff alleges that Community Utilities is a "limited liability company." The Plaintiff must therefore also amend its complaint to clarify whether Community Utilities is a corporation or an LLC. If Community Utilities is in fact an LLC, then the complaint's allegations in support of Community Utilities's citizenship suffers from the same defect as those for the other LLC Defendants, and the Plaintiff must also amend its complaint to identify Community Utilities' member(s) and allege their citizenships.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). Upon consideration, the Plaintiff is **ORDERED** to file and serve, no later than **Friday, September 14, 2018**, an amended complaint that corrects the above-noted

deficiencies in its allegations supporting diversity jurisdiction under § 1332(a), or that alleges some alternative basis for subject matter jurisdiction. In filing the amended complaint, the Plaintiff must abide by the following directives:

- The amended complaint, which will become the operative complaint in this action,[4] "must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference[,]" *see* S.D. Ala. CivLR 15(a); and

- the Plaintiff must file the amended complaint as a freestanding pleading and <u>not</u> as an exhibit attached to a notice, motion, etc.

Any filing made in contravention of these directives will be deemed nonresponsive to this Order and will be summarily ordered stricken. Moreover, the failure to file an amended complaint as ordered may result in entry of a recommendation that this action be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Moreover, the Plaintiff, a corporation, has yet to file a disclosure statement as required by Federal Rule of Civil Procedure 7.1 (applicable to "nongovernmental

---

[4] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.' " *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g., Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

corporate" parties) and S.D. Ala. CivLR 7.1 (applicable to "[a]ll non-governmental artificial entities appearing as parties").  The Plaintiff is **ORDERED** to do so no later than **Friday, September 14, 2018**.[5]

**DONE** and **ORDERED** this the 5th day of September 2018.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Court's form available at:
www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf